**NOT FOR PUBLICATION**



FILED

JUN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIRAIR STEPANIAN,<br><br>               Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 23-499<br><br>Agency No.<br>A095-197-260<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2024
Pasadena, California

Before: SILER,[**] BEA, and IKUTA, Circuit Judges.

Jirair Stepanian, an ethnic Armenian who claims to be a citizen and national

of Iran, petitions for review of the decision of the Board of Immigration Appeals

(BIA) upholding the decision of the immigration judge (IJ) that Stepanian fabricated

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

a material element of his asylum application and that he is therefore permanently barred from seeking any future relief under the Immigration and Nationality Act. The parties are familiar with the facts, which we recount here only where necessary. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and does not otherwise disagree with any part of the IJ's decision, this Court reviews the IJ's decision as though it were the decision of the BIA. *See Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). Whether an asylum applicant has fabricated a "material element" of his asylum application is a mixed question of fact and law that is reviewed de novo. *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010).

1. A "material element" of an asylum claim, we have said, is a fact that the applicant "must . . . prove[] for the claim to succeed." *Id.* at 1004 (quoting *Element*, Black's Law Dictionary (9th ed. 2009)). By contrast, an "ancillary" fact—that which "merely relates to" a "material element" of the asylum claim but does not otherwise determine the claim's success—does not count as a "material element" itself. *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) ("[T]he location where Udo's past persecution occurred, be it the Sheraton Hotel or the Sinadee Hotel, could be relevant to the agency's credibility determination. However, . . . [it] is certainly not a 'material element' of his asylum claim.") (citations omitted); *Liu v. Holder*, 640 F.3d

918, 927, 930 (9th Cir. 2011) ("[T]he date of Liu's uncle's arrest [i]s 'relat[ed]' to a material element' of her [asylum] application . . . [but] is not *itself* a material element of the claim."). To demonstrate, moreover, that the "material element" was "fabricated," the government "must prove that it is more likely than not that" the "material element . . . [i]s *actually false*," not merely inconsistent with other facts in the record. *Khadka*, 618 F.3d at 1004 (emphasis added).

2. Here, the IJ and the BIA determined that Stepanian deliberately fabricated two "material elements" in his asylum application. First, Stepanian stated that his parents were living in Iran in April 2001. Their actual place of residence at that time, however, was Armenia, as demonstrated by the nonimmigrant visa applications both parents filed in 2006. Second, Stepanian also lied about where he lived before coming to the United States. He claimed that he was an Iranian national who lived and worked as a photographer in Iran's capital of Tehran until April 2001, when he fled Iran to escape persecution from Hezbollah. That was false, the Government argued, because Stepanian's nonimmigrant visa application—filed the same month Stepanian fled to the United States—stated that Stepanian was an Armenian national, who lived at an Armenian residential street address and worked as a "winemaker" at an Armenian winery. The Government's forensic expert also "testified credibly" that Stepanian's Iranian birth certificate—which he submitted alongside his asylum application—was a counterfeit.

3

3. Where Stepanian was living at the time he was allegedly persecuted is a "material element" of his asylum claim, a point Stepanian does not seriously dispute. The thrust of Stepanian's asylum claim, after all, is that Hezbollah persecuted him in 1995 and 2001 *in* Iran. Because Stepanian designated Iran as the situs of his own persecution, whether he lived there when the alleged persecution took place is a "constituent part" of his asylum claim that he must prove "for [his] claim to succeed." *Khadka*, 618 F.3d at 1004 (citations omitted).

4. We conclude further that Government demonstrated by a preponderance of the evidence that this "material element" was "actually false." *Id.* Stepanian's Armenian nonimmigrant visa application, Stepanian's "lack . . . [of] basic knowledge regarding Iran," his lack of proficiency in Farsi (Iran's predominant language), and the fact that he submitted a counterfeit Iranian birth certificate alongside his asylum application all together demonstrate that it is more likely than not that Stepanian was living in Armenia, not Iran, when his claimed persecution occurred. The BIA and the IJ therefore did not err in concluding that Stepanian deliberately fabricated a material element of his asylum claim.[1]

5. We also reject Stepanian's argument that the IJ denied Stepanian "sufficient

---

[1] Whether Stepanian's parents were Iranian or Armenian residents during the relevant time period, however, is not a "material element" of Stepanian's claim for asylum. It "is at best [an] ancillary" background fact that supports Stepanian's claim of Iranian residency. *See Udo*, 32 F.4th at 1206.

4

opportunity to account for [the] discrepancies or implausib[ilities]" in his application. *Matter of Y-L-*, 24 I. & N. Dec. 151, 154 (BIA 2007). We stand by our previous observation in *Stepanian v. Sessions* that Stepanian "was given an ample opportunity to explain [these] discrepancies" in his removal proceedings below. 702 Fed. App'x 579, 582 (9th Cir. 2017).

**PETITION DENIED.**